IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DANA PLOUGH, Individually and on**     **PLAINTIFF**
**Behalf of Others Similarly Situated**

vs.     No. 3:20CV3075_____

**MOBILELINK ARKANSAS, LLC, and**
**S&S INFINITE MOBILE, INC.**     **DEFENDANTS**

### CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Dana Plough, individually and on behalf of all others similarly situated, by and through her attorneys Chris W. Burks and Logan M. Mustain of WH Law, PLLC, and for her Original Complaint—Collective Action against Defendants MobileLink Arkansas, LLC, and S&S Infinite Mobile, Inc. ("Defendants"), does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for all hours worked in excess of forty (40) while participating in job-related training.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

6. Defendant MobileLink Arkansas, LLC, ("MobileLink") conducts business within the State of Arkansas, operating several retail stores for Cricket wireless at various locations throughout the State.

7. Defendant S&S Infinite Mobile, Inc. ("S&S") conducted business within the State of Arkansas, operating several retail stores for Cricket wireless at various locations throughout the State. S&S has been purchased by Defendant MobileLink Arkansas, LLC, and now assumes the identity of MobileLink Arkansas, LLC.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the Defendants did business in Arkansas.

9. Plaintiff was employed by Defendant S&S, and subsequently by Defendant MobileLink, as a Territory Manager for several retail store locations throughout northern and western Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Fayetteville Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Springfield, Missouri. She was employed by Defendant MobileLink as a Territory Manager and was employed to work in Arkansas, including the area around Mountain Home, Arkansas, within the three (3) years preceding the filing of this Original Complaint.

12. Within the relevant time period, Plaintiff was classified by Defendants as exempt from overtime wages and was paid a salary.

13. Plaintiff's term of employment was approximately November 1, 2017, to October 31, 2019.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, et seq.

15. Defendant S&S was a for-profit, foreign, limited liability company created and existing under and by virtue of the laws of the State of New York, providing products and services in the telecommunications industry, throughout New York, Arkansas, and the United States in those areas in which telecommunications is a viable business.

16. Defendant S&S's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17. Until Defendant S&S was bought by Defendant MobileLink, S&S employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the oil and gas industry.

18. Defendant MobileLink is a for-profit, domestic, limited liability company created and existing under and by virtue of the laws of the State of Arkansas, providing products and services in the telecommunications industry, throughout Arkansas and the United States in those areas in which telecommunications is a viable business.

19. Defendant MobileLink's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Defendant MobileLink employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the oil and gas industry.

21. Defendant MobileLink's registered agent for service of process in the State of Arkansas is Zeeshan Khan, 4250 Venetian Lane, Fayetteville, AR 72703.

22. Defendants were at all times relevant hereto Plaintiff's employer and are and have been engaged in interstate commerce as that term is defined under the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

23. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as District ("Territory") Managers and who were or are employed by Defendant S&S or Defendant MobileLink and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case. The Collective Class is defined as follows:

**All District ("Territory") Managers employed by Defendants MobileLink Arkansas, LLC, or S&S Infinite Mobile, Inc. within the past three years who had a training period.**

24. This group includes employees misclassified as salaried workers and employed in states where Defendants do or did business. Defendants failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiff and are owed overtime for the same reasons.

25. Plaintiff alleges that Defendants failed to pay Plaintiff and members of the class an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) while participating in job-related training as required by the FLSA; Defendant paid Plaintiff and members of the class a salary with no overtime premium.

26. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants, which violated the FLSA, including:

    A. Defendants' uniform misclassification of them as exempt employees under the FLSA; and

    B.   Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

27.    Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds twenty (20) persons but is less than 120 persons. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of both Defendants.

28.    The names and physical mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first-class mail to their last known physical and mailing addresses as soon as possible.

29.    The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

30.    In addition, and in the alternative, Plaintiff brings this action in her individual and personal capacity, separate and apart from the class claims set forth herein.

V.    FACTUAL ALLEGATIONS

31.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

32.    Within the time period relevant to this case, Plaintiff worked for Defendants as a District Manager.

33. On or around September 26, 2019, S&S was purchased by MobileLink, at which time MobileLink recruited Plaintiff to continue in her role as a salaried District Manager (also referred to as "Territory Manager").

34. While employed with MobileLink, Plaintiff and other similarly situated employees did not have the authority to hire and fire other employees.

35. While employed with MobileLink, Plaintiff and other similarly situated employees did not regularly supervise other employees.

36. Within the time period relevant to this case, Plaintiff and other similarly-situated employees of MobileLink worked in excess of forty (40) hours per week attending job-related training required by MobileLink.

37. MobileLink did not pay Plaintiff and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked over forty hours per week.

38. Plaintiff worked for Defendant MobileLink in various places in Arkansas, and MobileLink's pay practices were the same at all locations.

39. Defendant MobileLink knew or showed reckless disregard for whether the way they paid Plaintiff and their other Territory Managers violated the FLSA.

40. Plaintiff and other Territory Managers for Defendants S&S and MobileLink routinely used, handled, sold, and/or worked on goods or materials that were produced for or traveled in interstate commerce.

## VI. LEGAL ALLEGATIONS

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

### A. Individual Allegations under the FLSA

42. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

43. Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

44. Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week while participating in job-related training in violation of the FLSA.

45. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary, and in bad faith.

46. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial Complaint, plus periods of equitable tolling.

47. Alternatively, should the Court find that the Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### B. FLSA § 216(b) Representative Action Allegations

48. Defendants mandated that Plaintiff and similarly situated members of the class participate in job-related training, which required them to work in excess of forty (40) hours in a given workweek.

49. Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

50. Defendants' conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA.

52. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

### C. Individual Allegations Under the AMWA

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-203(4).

54. At all relevant times, Defendants was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

55. Defendants failed to pay Plaintiff overtime wages owed, as required under the AMWA.

56. Defendants' conduct and practices, as described above, was and were willful, intentional, unreasonable, arbitrary, and in bad faith.

57. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the

AMWA for all violations that occurred beginning at least three (3) years preceding the filing of Plaintiff's initial Complaint, plus periods of equitable tolling.

58. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### D. Class Allegations under the AMWA

59. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60. Plaintiff proposes to represent the first AMWA liability class of individuals defined as follows:

> **All District ("Territory") Managers employed by Defendants MobileLink Arkansas, LLC, or S&S Infinite Mobile, Inc. within the past three years who had a training period.**

61. This group includes employees misclassified as salaried workers and employed in states where Defendants do or did business. Defendants failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiff and are owed overtime for the same reasons.

62. Upon information and belief, there are more than twenty (20) persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

63. Common questions of law and fact relate to all the proposed liability class members, such as:

      i.      Whether Defendants' policy of failing to properly pay overtime-rate wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA; and

      ii.     Whether, as a result of Defendants' failure to lawfully calculate Plaintiff's overtime pay, Defendant paid members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

64.    The above common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

65.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all nonexempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being. " Ark. Code Ann. S 11-4-202. To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. S 11-4-211.

66.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

67.    No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

68. The claims of Plaintiffs are typical of the claims of the proposed liability class in that Plaintiffs and all others in the proposed liability class will claim that they were not paid one and one-half times their regular rate of pay for hours worked in excess of forty per week.

69. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

70. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff, individually and on behalf of all others similarly situated, respectfully pray for relief and damages as follows:

(a) That Defendants be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all

unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

  (f) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

  (g) Such other and further relief as this Court may deem necessary, just and proper.

      Respectfully submitted,

      **DANA PLOUGH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

      WH Law, PLLC | We Help
      North Little Rock Office
      1 Riverfront Place, Suite 745
      North Little Rock, AR 72114

  By: /s/ Chris Burks
      Chris W. Burks (ABN: 2010207)
      chris@wh.law
      Logan M. Mustain (ABN: 2020030)
      logan@wh.law